Thomas L. Kapioltas
The Kapioltas Law Firm, PLLC
2150 S. Central Expressway, Ste. 200
McKinney, Texas 75070
(214) 764-9232 – Phone
(888) 223-8151 – Fax

ATTORNEY FOR GVH, INC. and
THE FERBY CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| STEPS AMERICA, INC | § | CASE NO. 21-40065 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND
WAIVER OF THIRTY DAY HEARING REQUIREMENT**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, GVH, Inc. ("GVH" or "Landlord") and The Ferby Corporation ("Ferby" or "Owner"), by and through their attorney Thomas L. Kapioltas and The Kapioltas Law Firm, PLLC, and moves this Court to modify the automatic stay to permit them to take possession of the commercial real estate commonly known as 4400 Preston Road, Frisco, Texas 75034 ("Premises") and would show the Court as follows:

1. On January 15, 2021, Debtor filed a voluntary petition for relief under Chapter 11 of the United

1

States Code ("Code").

2. Debtor continues to reside in the Premises as a Debtor and Debtor in Possession pursuant to Section 11 USC §§1107 and 1108 of the Code.

### Background

3. Ferby is the Owner of the Premises and GVH acts as the Landlord for the Premises.

4. Debtor is engaged in the business of providing remodeling services from the Premises.

5. On October 1, 2015 Landlord, Owner and Debtor entered into the Commercial Lease Agreement ("Lease") for the use and occupancy of the Premises. A copy of the Lease is attached as Exhibit 2.

6. Section 7.01 of the Lease states "Tenant has taken possession of the Premises and accepts the Premises in its "As Is" condition."

7. Section 1.06 of the Lease provides that Tenant will pay "Monthly installments of $10,400.00, plus triple net for the first twelve months (which includes the payment by the Tenant of real estate taxes (sic) (assessed by the City or County and assessment of bond payments and common area maintenance), then adjusted annually…"

8. Section 3.01 of the Lease provides that "During the Term, Tenant shall pay to Landlord in advance on the 3rd day of each calendar month, without deduction or offset, prior notice or demand…The Monthly Fixed Rent plus the CAM Expenses…collectively referred to herein as the "Rent.""

9. Debtor has failed to pay the full amount of the Rent and other charges for its use and occupancy of the Premises since failing to pay the December 2020 Rent payment.

10. On December 9, 2020 Landlord and Owner served on Debtor the *Notice of Vacate for Nonpayment of Rent*. Debtor failed to cure the default or vacate the Premises.

11. On December 17, 2020 Landlord and Owner filed their *Sworn Complaint for Forcible Detainer Commercial Lease – Nonpayment of Rent* as Cause No. 04-EV-20-01113 in the Justice

Court, Precinct 4, Collin County Texas ("Eviction").

12. At the time of the filing of this Chapter 11 Bankruptcy, Debtor owed Landlord and Owner Rent for the months of December 2020 and January 2021 totaling **$31,430.38** ((Rent $14,286.54 + Late Fee $1,428.65) * 2).

13. Since the filing of this Chapter 11 Bankruptcy, Debtor has failed to pay post-petition Rent for the months of February and March 2021 in the amount of **$31,430.38** ((Rent $14,286.54 + Late Fee $1,428.65) * 2).

14. As of March 2020 Debtor has failed to pay Rent in the amount of $57,146.16, Late Fees in the amount of $5,714.60 (including all late fees for March), for a total amount of **$62,860.76**.

15. Debtor brings this Chapter 11 Bankruptcy, meanwhile, Debtor remains in possession of the Premises, continues to fail to tender monthly Rent to Landlord and Owner, continues to fail to remediate the breach and default of the Lease, and continues to operate his business out of the Premises.

**Debtor has failed to tender post-petition monthly Rent, testified at the 341 Meeting of the Creditors that it was going to continue to withhold Rent, lacks equity in the Premises, and the Premises is not necessary to an effective reorganization.**

16. Under Section 365(d)(3) of the Code, a debtor has the duty, prior to the assumption or rejection of a lease of nonresidential real property, to make timely payment of the full rent due.

17. "The plain language of the statute is clear. Section 365(d)(3) provides for timely performance of all obligations of the debtor from and after the order for relief." *In re Appletree Mkts., Inc.*, 139 B.R. 417, 421 (Bankr. S.D. Tex. 1992). Section 365(d)(3) "was added to the Bankruptcy Code in order to relieve landlords from the burden of proving that the rent payments they sought to collect from debtors prior to rejection were 'actual and necessary' costs of preserving the bankruptcy estate." *In re Hitz Rest. Grp.*, 616 B.R. 374, 376 (Bankr. N.D. Ill. 2020) (quoting *In re Handy Andy Home Improvement Ctrs., Inc.*, 144 F.3d 1125, 1128 (7th Cir. 1998)). "The legislative history reflects congressional concern that lessors of nonresidential real property had

3

frequently been forced to extend credit to an estate during the time given for assumption or rejection of the lease. Id. (Citing *In re Telesphere Comm'ns, Inc.*, B.R. 525, 529 (Bankkr. N.D. Ill. 1992).

18. Section 362(d)(1) of the Code provides that a court shall grant relief from the stay for cause, including the lack of adequate protection of an interest in property.

19. Section 362(d)(2)(a)(b) of the Code provides that a court shall grant relief from the stay if the Debtor has no equity in the Premises and the Premises is not necessary to an effective reorganization.

20. A court can grant relief from the stay for cause pursuant to Section 362(d)(1) of the Code for a debtor's failure to tender post-petition rent. *In re Consolidated Indus. Corp.*, 234 B.R. 84, 87 (U.S. Bankr., Northern Dist IL., 1999).

21. Pursuant to Section 365(d)(3) of the Code, Debtor has a duty to timely tender payment of post-petition monthly Rent.

22. To date, Debtor has failed to make any payments of post-petition monthly Rent and has testified that it will continue to refuse to make post-petition monthly Rent payment during the pendency of two lawsuits between Landlord, Owner and Debtor.

23. If Landlord and Owner are not legally permitted to proceed with the Eviction, to protect its interest in the Premises, it will suffer irreparable injury, loss, and damage. This Honorable Court can and should terminated the stay for cause pursuant to Section 362(d)(1) of the Code. *In re Consolidated Indus. Corp.*, 234 B.R. 84, 87 (U.S. Bankr., Northern Dist IL., 1999).

24. Landlord and Owner's action to regain possession is not prohibited by the automatic stay pursuant to Sections 362(d) of the Code because the Debtor has failed to make post-petition monthly Rent payments, has no equity in the Premises, and the Premises is not necessary to an effective reorganization.

25. By reason of the foregoing, an order should be entered modifying the automatic stay to permit Landlord and Owner to take possession of the Premises.

WHEREFORE, Landlord GVH, Inc. and Owner The Ferby Corporation, respectfully request that this Court grant it relief from the automatic stay in order to proceed with the Eviction for possession of the Premises, and awarding any other relief this Court deems just and equitable.

Respectfully,

**THE KAPIOLTAS LAW FIRM, P.L.L.C.**

/s/ *Tom Kapioltas*
Thomas L. Kapioltas
Texas Bar No. 24032614
2150 S. Central Expressway, Ste. 200
McKinney, Texas 75070
T:  214-764-9232
F:  888-223-8151
Email: tom@kapioltas.com

### CERTIFICATE OF CONFERENCE

I certify that on March 5, 2021 I conferred with Eric Liepins, the Debtor's attorney, and he is <u>opposed</u> to the relief requested in this Motion.

### CERTIFICATE OF SERVICE

I certify that on March 5, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division or by U.S. first class mail.

*/s/ Tom Kapioltas*
Thomas L Kapioltas

American Express National Bank Bureau of Consumer Financial Protection
1700 G Street NW
Washington, D 20006-4702

BBB - Logan
2919 Market Loop A
Temple, TX 76502-1856

COLLIN COUNTY TAX ASSESSOR/COLLECTOR
Abernathy, Roeder, Boyd & Hullett, P.C.
1700 Redbud Blvd., Suite 300
McKinney, TX 75069-3276

Citi Bank - COSTCO
PO Box 790046
St. Louis, MO 63179-0046

Comeria Bank
Card Member Service
PO Box 6353
Fargo, ND 58125-6353

Cosmos
2244 Luna Road Suite 100
Carrollton, TX 75006-6543

Richard G. Dafoe
Vincent Serafino Geary Waddell Jenevein
1601 Elm Street, Suite 4100
Dallas, TX 75201-7274

(p)DISCOVER FINANCIAL SERVICES LLC
 PO BOX 3025
NEW ALBANY OB 43054-3025

Everest Stone
15565 Wright Brothers Drive
Addison, TX 75001-4274

Alaa Weiss
PO Box 1396
Frisco, TX 75034-0024
American Express National Bank

c/o Becket and Lee LLP
PO Box 3001
Malvern PA 19355-0701

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

COLLIN COUNTY TAX ASSESSOR/COLLECTOR
Abernathy, Roeder, Boyd & Bullett, P.C.
1700 Redbud Blvd., Suite 300
McKinney, Texas 75069-3276

Citi Bank - Simplicity
BOX 6500
SIOUX FALLS, SD 57117-6500

Comerica Bank
4730 TX 121
The Colony, TX 75056

Custom Capital USA
1 MacArthur Place #350
Santa Ana, CA 92707-5906

Denton County
c/o Tara LeDay
P.O. Box 1269
Round Rock, TX 78680-1269

Eleganza
223 LBJ Freeway Suite 200
Dallas, TX 75234

FNBO
PO Box 3331
Omaha, NE 68103-0331

Allstate Insurance Company
CCS Commercial, LLC
Finance Department
P.O Box 886
Norwood, MA 02062-0886
Joseph D. Austin

Padfield & Stout, L.L.P.
420 Throckmorton St., Ste. 1210
Fort Worth, TX 76102-3792

CC Wholesale
11048 Grissom Lane
Dallas, TX 75229-3507

Capital One
PO Box 60599
City of Industry, CA 91716-0599

City of Frisco
Linebarger Goggan Blair & Sampson, LLP
c/o Laurie A. Spindler
2777 N. Stemmons Frwy
Suite 1000
Dallas, TX 75207-2328

Comerica SBA Loan
1713 Farm to Market
Pflugerville, TX 78660

DW Distribution
1200 E Centre Park Blvd
DeSoto, TX 75115-2536

Denton County, Texas
c/o Tara LeDay
P .0. Box 1269
Round Rock, TX 78680-1269

Eleganza Tiles, Inc.
c/o Padfield & Stout, LLP
Joseph D. Austin
420 Throckmorton Street, Suite 1210
Fort Worth, TX 76102-3792

Frisco ISD
C/O Perdue, Brandon, Fielder, Collins &
1919 S. Shiloh Rd
Suite 310, LB 40
Garland, TX 75042-8234
Frisco ISO

c/o Perdue Brandon Fielder et al
1919 S. Shiloh Road, Suite 310, LB 40
Garland, TX 75042-8234

Eric A. Liepins
12770 Coit Road
Suite 1100
Dallas, TX 75251-1329

MS International
12845 Valley Branch Lane
Suite 100
Dallas, TX 75234-5813

Pearl Capital (Cash Advanced Loan)
525 Washington Blvd, Suite 2200
Jersey City, NE 07310-2603

Rialto Porcelanato
10830 Composite Dr
Dallas, TX 75220-1210

Laurie A. Spindler
Linebarger, Goggan, Blair, Sampson
2777 N. Stemmons Frwy Ste 1000
Dallas, TX 75207-2328

U.S. Attorney General Department of Justice
Main Justice Building
10th & Constitution Ave.,
NW Washington, DC 20530-0001

John M. Vardeman
UST Office
110 N. College St., Suite 300
Tyler, TX 75702-7231

Kiva Stone
11935 N Stemmons Freeway
Suite 160
Dallas, TX 75234-5834

Paul M Lopez

Abernathy, Roeder, Boyd & Bullett, P.C.
1700 Redbud Blvd., Ste 300
McKinney, TX 75069-3276

Mulligan Funding, LLC
4715 Viewridge Ave, Suite 100
San Diego, CA 92123-1628

Pearl Funding LLC
Giuliano Law P.C.
445 Broadhollow Road, Ste. 25
Melville, NY 11747-3645

SBA Disaster Loan
Small Business Administration
14925 Kingsport Rd.
Ft. Worth, TX 76155-2243

Steps America, Inc
P.O. Box 1396
Frisco, TX 75034-0024

U.S. Bank NA dba Elan Financial Services Bankruptcy Department
PO Box 108
Saint Louis MO 63166-0108

Home Depot
5800 South Corporate Place
Sioux Falls, SD 57108-5027

Tara LeDay
MVBA Law Firm
PO Box 1269
Round Rock, TX 78680-1269

Lowes
P.O. Box 965054
Orlando, FL 32896-5054

PPP SBA Loan
14925 Kingsport
Fort Worth, TX 76155-2243

Linda Reece

1919 S. Shiloh Road, Suite 310, LB 40
Garland, TX 75042-8234

Scott SEIDEL (SBRA V)
Sub V Chapter Trustee
6505 West Park Boulevard
Ste. 306
Plano, TX 75093-6212

Swiff-Train Company
PO Box 677212
Dallas, TX 75267-7212

Total Quality Logistics
P.O. Box 2248
Norcross, GA 30091-2248

US Trustee
Office of the U.S. Trustee
110 N. College Ave.
Suite 300
Tyler, TX 75702-7231