Thomas L. Kapioltas
The Kapioltas Law Firm, PLLC
2150 S. Central Expressway, Ste. 200
McKinney, Texas 75070
(214) 764-9232 – Phone
(888) 223-8151 – Fax

ATTORNEY FOR GVH, INC. and
THE FERBY CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| STEPS AMERICA, INC | § | CASE NO. 21-40065 |
| | § | (Chapter 11) |
| DEBTOR | § | |

**MOTION OF GVH, INC. AND THE FERBY CORPORATION TO COMPEL ASSUMPTION OR REJECTION OF THE LEASE AGREEMENT BETWEEN GVH, INC. AND THE FERBY CORPORATION AND STEPS AMERICA, INC.**

**Your rights may be affected by the relief sought in this pleading. You should read this pleading carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you oppose the relief sought by this pleading, you must file a written objection, explaining the factual and/or legal basis for opposing the relief. No hearing will be conducted on this Motion unless a written objection is filed with the Clerk of the United States Bankruptcy Court and served upon the party filing this pleading WITHIN FOURTEEN (14) DAYS FROM THE DATE OF SERVICE shown in the certificate of service unless the Court shortens or extends the time for filing such objection. If no objection is timely served and filed, this pleading shall be deemed to be unopposed, and the Court may enter an order granting the relief sought. If an objection is filed and served in a timely manner, the Court will thereafter set a hearing with appropriate notice. If you fail to appear at the hearing, your objection may be stricken. The Court reserves the right to set a hearing on any matter.**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, GVH, Inc. ("GVH" or "Landlord") and The Ferby Corporation ("Ferby" or "Owner"), by and through their attorney Thomas L. Kapioltas and The Kapioltas Law Firm, PLLC, and moves this Court to Compel Assumption or Rejection of Lease Agreement between GVH and Ferby and Steps America, Inc. ("Debtor"), dated October 1, 2015, for the commercial real estate commonly known as 4400 Preston Road, Frisco, Texas 75034 ("Premises") and would show the Court as follows:

1

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue of this case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief requested herein is section 365 of the United States Bankruptcy Code (the "Bankruptcy Code").

**BACKGROUND**

3. Ferby is the Owner of the Premises and GVH acts as the Landlord for the Premises.

4. Debtor is engaged in the business of providing remodeling services from the Premises.

5. On October 1, 2015 Landlord, Owner and Debtor entered into the Commercial Lease Agreement ("Lease") for the use and occupancy of the Premises. A copy of the Lease is attached as Exhibit 1.

6. Section 7.01 of the Lease states "Tenant has taken possession of the Premises and accepts the Premises in its "As Is" condition."

7. Section 1.06 of the Lease provides that Tenant will pay "Monthly installments of $10,400.00, plus triple net for the first twelve months (which includes the payment by the Tenant of real estate taxes (sic) (assessed by the City or County and assessment of bond payments and common area maintenance), then adjusted annually…"

8. Section 3.01 of the Lease provides that "During the Term, Tenant shall pay to Landlord in advance on the 3rd day of each calendar month, without deduction or offset, prior notice or demand…The Monthly Fixed Rent plus the CAM Expenses…collectively referred to herein as the "Rent.""

9. Debtor has failed to pay the full amount of the Rent and other charges for its use and occupancy of the Premises since failing to pay the December 2020 Rent payment.

10. On December 9, 2020 Landlord and Owner served on Debtor the *Notice of Vacate for*

*Nonpayment of Rent*. Debtor failed to cure the default or vacate the Premises.

11. On December 17, 2020 Landlord and Owner filed their *Sworn Complaint for Forcible Detainer Commercial Lease – Nonpayment of Rent* as Cause No. 04-EV-20-01113 in the Justice Court, Precinct 4, Collin County Texas ("Eviction").

12. On January 15, 2021 Debtor filed its voluntary petition under Chapter 11 of the Bankruptcy Code in this Court.

13. At the time of the filing of this Chapter 11 Bankruptcy, Debtor owed Landlord and Owner Rent for the months of December 2020 and January 2021 totaling **$31,430.38** ((Rent $14,286.54 + Late Fee $1,428.65) * 2).

14. Since the filing of this Chapter 11 Bankruptcy, Debtor has failed to pay post-petition Rent for the months of February and March 2021 in the amount of **$31,430.38** ((Rent $14,286.54 + Late Fee $1,428.65) * 2).

15. As of March 2020 Debtor has failed to pay Rent in the amount of $57,146.16, Late Fees in the amount of $5,714.60 (including all late fees for March), for a total amount of **$62,860.76**.

16. Debtor brings this Chapter 11 Bankruptcy, meanwhile, Debtor remains in possession of the Premises, continues to fail to tender monthly Rent to Landlord and Owner, continues to fail to remediate the breach and default of the Lease, and continues to operate his business out of the Premises.

17. Requiring the Debtor to assume or reject the Lease at this time does not impose any type of hardship on the Debtor. Debtor failing to immediately assume or reject the Lease would impose a severe hardship on GVH and Ferby.

## RELIEF REQUESTED

18. GVH and Ferby request the entry of an order pursuant to 11 U.S.C. § 365(d)(2) and Fed. R. Bankr. P. Rule 6006(b) compelling the Debtor to assume or reject the Lease.

19. Section 365(d)(2) of the Bankruptcy Code provides the Court with the power to compel a

debtor to assume or reject an executory contract within a specified period of time:

> In a case under chapter . . . 11 . . . of this title, the trustee may assume or reject an executory contract…of the debtor at any time before the confirmation of a plan *but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract* . . .

11 U.S.C. §365(d)(2) (emphasis added); 11 U.S.C. §1107(a).

20. "Congress intended this provision to 'prevent parties in contractual or lease relationships with the debtor from being left in doubt concerning their status vis-a-vis the estate.'" *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.),* 973 F.2d 1065, 1079 (3d Cir. 1992) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 59 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5845).

21. Although the Bankruptcy Code provides chapter 11 debtors with a "breathing space" within which to determine whether a particular executory contract should be assumed or rejected, such "breathing space . . . is not without limits." *In re Enron Corp.,* 279 B.R. 695, 702 (Bankr. S.D.N.Y. 2002). The limit placed on the time for the debtor's assumption/rejection determination by case law and commentators is "reasonableness." *See, e.g., Dallas-Fort Worth Regional Airport Bd. v. Braniff Airways, Inc.,* 26 B.R. 628, 636 (N.D. Tex. 1982). The determination of what constitutes a reasonable time to assume or reject a particular executory contract is within the bankruptcy court's discretion and has to be decided in light of the particular facts of each case. *See, e.g., S. St. Seaport L.P. v. Burger Boys, Inc. (In re Burger Boys, Inc.),* 94 F.3d 755, 760 (2d Cir. 1996); *Theatre Holding Corp. v. Mauro (In re Theatre Holding Corp.),* 681 F.2d 102, 105 (2d Cir. 1982); *Dallas-Fort Worth, supra.; In re Adelphia Commc'ns Corp.,* 291 B.R. 283, 292 (Bankr. S.D.N.Y. 2003).

22. Among the factors that the courts have used to determine what may constitute "reasonable time" for the purposes of section 365(d)(2) of the Bankruptcy Code are the following: (a) the nature of the interests at stake, (b) the balance of harm to the parties, (c) the safeguards afforded to the parties, (d) the damage third parties may suffer beyond the compensation available under the Bankruptcy Code, (e) the debtor's failure or ability to satisfy post-petition obligations, (f) the

purposes of chapter 11, (g) the importance of the contract in question to the debtor's reorganization, and (h) whether the action to be taken is so in derogation of Congress' scheme as to be said to be arbitrary. *See* all cases collected in *Adelphia,* 291 B.R. at 292-94.

23. The Court must make an equitable determination, based on the balance of harm, in light of the particular circumstances of the parties to the Lease. In applying the *Adelphia* factors, HC respectfully submits that the circumstances in this case should persuade the Court to compel the assumption or rejection of the Lease.

24. The Debtor has an obligation under the Lease and section 365(d)(3) to timely perform all obligations under the Lease arising after the Petition Date until the Lease is rejected. This includes the Debtor's obligation under the Lease to pay rent, and pay additional expenses in the form of taxes and insurance.

25. Requiring the Debtor to assume or reject the Lease at this time, 59+ days after the Petition Date, does not impose any type of hardship on the Debtor. Conversely, compelling GVH and Ferby to be bound to the Lease upon the Premises, with the Premises 100 percent leased to Debtor, under which Debtor has failed to pay two pre-petition monthly Rent payments and two post-petition monthly Rent payments is a significant hardship to GVH and Ferby.

26. Consequently, GVH and Ferby submit that the facts and circumstances in this case warrant entry of an order compelling the Debtor to reject the Lease and allow GVH and Ferby to take appropriate steps to limit its damages.

## CONCLUSION

27. WHEREFORE, Landlord GVH, Inc. and Owner The Ferby Corporation, respectfully request that this Court enter an order compelling the immediate assumption or rejection of the Lease and granting GVH, Inc. and The Ferby Corporation such further relief as is just and proper.

Submitted on this Monday, March 15, 2021.

Respectfully,

**THE KAPIOLTAS LAW FIRM, P.L.L.C.**

/s/ *Tom Kapioltas*
Thomas L. Kapioltas
Texas Bar No. 24032614
2150 S. Central Expressway, Ste. 200
McKinney, Texas 75070
T:  214-764-9232
F:  888-223-8151
Email: tom@kapioltas.com

**CERTIFICATE OF SERVICE**

I certify that on March 15, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division or by U.S. first class mail.

*/s/ Tom Kapioltas*
Thomas L Kapioltas

6