Thomas L. Kapioltas
The Kapioltas Law Firm, PLLC
2150 S. Central Expressway, Ste. 200
McKinney, Texas 75070
(214) 764-9232 – Phone
(888) 223-8151 – Fax

ATTORNEY FOR GVH, INC. and
THE FERBY CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| STEPS AMERICA, INC | § | CASE NO. 21-40065 |
| | § | (Chapter 11) |
| DEBTOR | § | |

### GVH, INC. AND THE FERBY CORPORATION APPLICATION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, GVH, Inc. ("GVH" or "Landlord") and The Ferby Corporation ("Ferby" or "Owner"), a creditor and party-in-interest in this Bankruptcy Case and files this *GVH, Inc. and The Ferby Corporation Application for Allowance and Payment of Administrative Claim* ("Application") and would respectfully show the Court as follows:

### Jurisdiction

1. On January 15, 2021, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Code ("Code").

2. Debtor is operating as a Debtor-In-Possession. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 157 and 1334 and 11 U.S.C. 503.

### Background

3. Ferby is the Owner of the Premises and GVH acts as the Landlord for the Premises.

4. Debtor is engaged in the business of providing remodeling services from the Premises.

5. On October 1, 2015 Landlord, Owner and Debtor entered into the Commercial Lease

1

Agreement ("Lease") for the use and occupancy of the Premises. A copy of the Lease is attached hereto.

6. Section 7.01 of the Lease states "Tenant has taken possession of the Premises and accepts the Premises in its "As Is" condition."

7. Section 1.06 of the Lease provides that Tenant will pay "Monthly installments of $10,400.00, plus triple net for the first twelve months (which includes the payment by the Tenant of real estate taxes (sic) (assessed by the City or County and assessment of bond payments and common area maintenance), then adjusted annually…"

8. Section 3.01 of the Lease provides that "During the Term, Tenant shall pay to Landlord in advance on the 3rd day of each calendar month, without deduction or offset, prior notice or demand…The Monthly Fixed Rent plus the CAM Expenses…collectively referred to herein as the "Rent.""

9. Debtor has failed to pay the full amount of the Rent and other charges for its use and occupancy of the Premises since failing to pay the December 2020 Rent payment.

10. At the time of the filing of this Chapter 11 Bankruptcy, Debtor owed Landlord and Owner Rent for the months of December 2020 and January 2021 totaling **$31,430.38** ((Rent $14,286.54 + Late Fee $1,428.65) * 2).

11. Since the filing of this Chapter 11 Bankruptcy, Debtor has failed to pay post-petition Rent for the months of February and March 2021 in the amount of **$31,430.38** ((Rent $14,286.54 + Late Fee $1,428.65) * 2).

12. As of March 2020 Debtor has failed to pay Rent in the amount of $57,146.16, Late Fees in the amount of $5,714.60 (including all late fees for March), for a total amount of **$62,860.76**.

13. Debtor brings this Chapter 11 Bankruptcy, meanwhile, Debtor remains in possession of the Premises, continues to fail to tender monthly post-petition Rent to Landlord and Owner, continues to fail to remediate the breach and default of the Lease, and continues to operate his business out of the

2

Premises.

### Request for Administrative Expense Claims and Argument and Authority.

14. Pursuant to 11 U.S.C. 365(d)(3) of the Code, Debtor has a duty to timely tender payment of post-petition monthly Rent.

15. "The plain language of the statute is clear. Section 365(d)(3) provides for timely performance of all obligations of the debtor from and after the order for relief." *In re Appletree Mkts., Inc.*, 139 B.R. 417, 421 (Bankr. S.D. Tex. 1992). Section 365(d)(3) "was added to the Bankruptcy Code in order to relieve landlords from the burden of proving that the rent payments they sought to collect from debtors prior to rejection were 'actual and necessary' costs of preserving the bankruptcy estate." *In re Hitz Rest. Grp.*, 616 B.R. 374, 376 (Bankr. N.D. Ill. 2020) (quoting *In re Handy Andy Home Improvement Ctrs., Inc.*, 144 F.3d 1125, 1128 (7th Cir. 1998)). "The legislative history reflects congressional concern that lessors of nonresidential real property had frequently been forced to extend credit to an estate during the time given for assumption or rejection of the lease. Id. (Citing *In re Telesphere Comm'ns, Inc.*, B.R. 525, 529 (Bankkr. N.D. Ill. 1992).

16. To date, Debtor has failed to make any payments of post-petition monthly Rent and has testified that it will continue to refuse to make post-petition monthly Rent payment during the pendency of two lawsuits between Landlord, Owner and Debtor.

17. 11 U.S.C. 503(b)(1) of the Code provides that allowed administrative expenses include "the actual, necessary costs and expenses of preserving the estate."

18. Section 365(d)(3) does not preempt 503(b)(1). Post-petition obligations are ordinarily given payment priority as administrative expenses, though such claims must still go through standard procedures of notice and a hearing to demonstrate that the costs were actual, necessary expenses of preserving the estate. *See* 11 U.S.C. § 503(b) ("After notice and a hearing, there shall be allowed administrative expenses,...including...the actual, necessary costs and expenses of preserving the estate."). Section 365(d)(3) operates to dispense with these requirements for post-petition

3

obligations under an unexpired lease of nonresidential real property, meaning it functions "without prevention or obstruction from or by" § 503(b)(1). *See In re Goody's Fam. Clothing Inc.*, 610 F.3d 812, 817 (3d Cir. 2010).

19. When a debtor occupies post-petition non-residential space it leases, that § 365(d)(3) provides when the rent obligation arises does not erase when lessors may make § 503(b)(1) claims for the value conferred post-petition by that occupancy. Thus Landlord may assert a § 503(b)(1) claim for "stub rent" and the stub rent should be treated as an administrative expense along with any other unpaid post-petition unpaid Rent. *Id*. at 818.

## Reservation of Rights

20. Debtor continues to occupy the Premises and Debtor's post-petition Rent continues to accrue. Landlord and Owner therefore reserve their right to supplement and/or amend this application to include, among other potential administrative claims, all unpaid, accrued, post-petition Rent obligations under the Lease.

**WHEREFORE**, Landlord GVH, Inc. and Owner The Ferby Corporation, respectfully request that this Court grant this Application and award any other relief this Court deems just and equitable.

Respectfully,

**THE KAPIOLTAS LAW FIRM, P.L.L.C.**

/s/ *Tom Kapioltas*
Thomas L. Kapioltas
Texas Bar No. 24032614
2150 S. Central Expressway, Ste. 200
McKinney, Texas 75070
T:  214-764-9232
F:  888-223-8151
Email: tom@kapioltas.com

## **CERTIFICATE OF SERVICE**

      I certify that on March 17, 2021, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division or by U.S. first class mail.

                                        */s/ Tom Kapioltas*
                                        Thomas L Kapioltas